AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

**22-0962**

**SECT. L MAG. 4**

| United States District Court | District: Eastern |
|---|---|
| Name (under which you were convicted): Burnell Earl | Docket or Case No.: 539204-1 |
| Place of Confinement: David Wade Correctional Center | Prisoner No.: 154891 |

Petitioner (include the name under which you were convicted)    Respondent (authorized person having custody of petitioner)

v.

Burnell Earl      Warden: Jerry Goodwin

The Attorney General of the State of: Louisiana    Atty: Gen Jeff Landry

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   22nd Judicial District Court St. Tammany PARISH

   (b) Criminal docket or case number (if you know): 539204-1

2. (a) Date of the judgment of conviction (if you know): Jan 7, 2014

   (b) Date of sentencing: April 4, 2014

3. Length of sentence: LIFE

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: 14:64.3 Armed Robbery with Fire Arm

6. (a) What was your plea? (Check one)
   ☒ (1) Not guilty    ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty        ☐ (4) Insanity plea

TENDERED FOR FILING

APR 0 8 2022

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Court of Appeal, First Circuit

(b) Docket or case number (if you know): No. 2014-KA-1534

(c) Result: Denied. SEE: Attached hereto; Ruling One (1)

(d) Date of result (if you know): April 24, 2015

(e) Citation to the case (if you know):

(f) Grounds raised: (1) Trial Court erred in denying motion for reconsideration of Sentence (2) The Sentence is unconstitutionally excessive. (3) Appellant was denied a right to a proper Judicial review on direct appeal, being the record is incomplete (4) Appellate Counsel was ineffective during the Appellate Stage (5) The trial Court erred when it denied the motion to Suppress the Evidence and Identification.

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Louisiana Supreme Court

(2) Docket or case number (if you know): No. 2015-KO-1042

(3) Result: Denied. SEE: Attached hereto; Ruling Two (2)

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): April 22, 2016

    (5) Citation to the case (if you know): _____

    (6) Grounds raised: _____

  (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know): N/A

    (2) Result: N/A

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court: _____

    (2) Docket or case number (if you know): N/A

    (3) Date of filing (if you know): N/A

    (4) Nature of the proceeding: N/A

    (5) Grounds raised: N/A

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes ☐ No

    (7) Result: _____

Page 4 of 16

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

N/A

AO 241 (Rev. 09/17)

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

   (7) Result: _____

   (8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First petition:   ☐ Yes    ☐ No

   (2) Second petition:   ☐ Yes    ☐ No

   (3) Third petition:   ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

   CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _Ineffective assistance of Trial Counsel: % Voir dire; Jury Selection; failure to confer_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_SEE attached hereto: % Ground One: Ineffective Assistance of Trial Counsel; Further Address of/and Specification of Prejudice % Ineffective Assistance Counsel; Trial Counsel Ineffectiveness in Failure to Confer w/client;_

_also see Ground two for continuum hereof/hereto in connection dually to both Grounds one (1) and two (2)_

(b) If you did not exhaust your state remedies on Ground One, explain why: _Did Exhaust_

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Post Conviction Relief**

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court St. Tammany parish**

Docket or case number (if you know): **539204-4**

Date of the court's decision: **April 6, 2017**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: **See attached hereto:**

Name and location of the court where the appeal was filed: **Louisiana Court of Appeal First Circuit, Baton Rouge Louisiana**

Docket or case number (if you know): **2017-KW-0661 / 2017-KW-1025**

Date of the court's decision: **July 10, 2017 / OCT 30, 2017**

Result (attach a copy of the court's opinion or order, if available): **Denied in part initially on July 10, 2017 / Granted in part and denied in part on OCT 30, 2017**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**N/A**

AO 241 (Rev. 09/17)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Claim's was brought to Louisiana Supreme Court

GROUND TWO: Denial of Impartial Jury and Equal protection under the Law / denial of Fundamental Fairness)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
SEE ARguement Attached hereto: "Ground Two"

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief

Name and location of the court where the motion or petition was filed: 22nd Judicial District Court St. Tammany Parish

Docket or case number (if you know): 539204-1

AO 241 (Rev. 09/17)

Date of the court's decision: April 6, 2017

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Louisiana Court of Appeal First Circuit

Docket or case number (if you know): 2017-KW-0661 / 2017-KW-1025

Date of the court's decision: July 10, 2017 / OCT. 30, 2017

Result (attach a copy of the court's opinion or order, if available): Denied in part initially on July 10, 2017 / Granted in part and denied in part on OCT. 30, 2017

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Claims was brought to Louisiana Supreme Court

GROUND THREE: Fourth Amendment Violation (Illegal search and Siezure; use of poisonous fruits)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE Arguement attached hereto: "Ground Three"

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

N/A

(c) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
    ☑ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Post Conviction Relief

    Name and location of the court where the motion or petition was filed: 22nd Judicial District Court St. Tammany Parish

    Docket or case number (if you know): 539204-1

    Date of the court's decision: April 6, 2017

    Result (attach a copy of the court's opinion or order, if available): Denied

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

    (4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Louisiana Court of Appeal First Circuit

    Docket or case number (if you know): 2017-KW-0661 / 2017-KW-1025

    Date of the court's decision: July 10, 2017 / Oct. 30, 2017

    Result (attach a copy of the court's opinion or order, if available): Denied in part initially on July 10, 2017 / Granted in part and denied in part on Oct. 30, 2017

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Issues were taken through the full State Court process and venues

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

N/A

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

N/A

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Did not have one

(b) At arraignment and plea: ERNEST E. BARROW III
113 E. 23rd Ave, Covington, LA 70433

(c) At trial: ERNEST E. BARROW III
113 E. 23rd Ave, Covington, LA 70433

(d) At sentencing: ERNEST E. BARROW III
113 E. 23rd Ave, Covington, LA 70433

(e) On appeal: LIEUT. V/O Clark
P.O. Box 465 Mandeville, LA 70470-0465

(f) In any post-conviction proceeding: James D. Mecca
321 N. Vermont St. Ste. 204 P.O. Box 3880 Covington, LA 70434

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

Case 2:22-cv-00962-EEF-KWR   Document 1   Filed 04/08/22   Page 14 of 17

AO 241 (Rev. 09/17)



* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Page 15 of 16

AO 241 (Rev. 09/17)

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _Provide Reversal of Conviction and Sentence, and Grant New Trial._

or any other relief to which petitioner may be entitled.

_Burnell Earl_
Signature of Attorney (if any) ( Pro 'se

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _4-6-22_ (month, date, year).

Executed (signed) on _4-6-22_ (date).

_Burnell Earl_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.



Burnell Earl #154891
H4-A
David Wade Correctional Center
670 Bell Hill Road
Homer, LA 71040

Hale Boggs Federal Bldg
500 Poydras St, Rm C151
New Orleans, LA 70130