U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  Sep 22 2022

CAROL L. MICHEL
CLERK

UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BURNELL EARL                      CIVIL ACTION
VERSUS                            NO: 22-962
JERRY GOODWIN, WARDEN             SECTION "L" (4)

OBJECTION TO THE DISTRICT JUDGE OF THE REPORT AND RECOMMENDATION OF UNITED STATE MAGISTRATE JUDGE WELLSROBY'S DENIAL OF MR. EARL'S 28 U.S.C. SECTION 2254 HABEAS CORPUS APPLICATION.

MAY IT PLEASE THE COURT:

Now Into Court comes the Petitioner-Burnell Earl #154891, who moves this Honorble Court by submitting these objections to the proposed findings, conclusions, and recommendation of said Magistrate judge's Report and Recommendation within fourteen (14) days after being served September 3, 2022 with a copy; and now timely seek the District Judge's erroneous judgment review and legal conclusion, there after, its consideration of the Petitioner's asserted applicable legal issues, that derive in different legal conclusions contrary to the Magistrate's, but such is highly consistent with that of the U.S.C.A., and that of the United States Supreme Court's precedents, infra:

(A) Relevancy Of Factual Background:

TENDERED FOR FILING

SEP 2 2 2022

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1.

Mr. Earl was tried by a jury as to the charge of Armed Robbery with a Firearm, and was found guilty as charged. The State filed a multiple bill of information and on April 4, 2014, the trial court adjudicated Mr. Earl as a fourth felony offender and sentenced him to life imprisonment without the benefit of probation, parole, or the suspension of sentence.

Mr. Earl filed a timely direct appeal notice, that was granted by the Court. Mr. Earl's Appellate Counsel filed a brief and him a Pro Se Brief. The First Circuit Court of Appeal affirmed on April 24, 2015, (No. 2014-KA-1534, 2015-WL-1893190). A writ of Certiorari was subsequently submitted to the Louisiana Supreme Court, which issued a one word denial on April 22, 2016 (No. 2015-KO-1042, 191 So.3d 1044). On July 21, 2016 Mr. Earl's conviction and sentence were final (90) days later, because he did not file for a writ of Certiorari with the United States Supreme Court, and as of such its considered as the finality determination under 28 U.S.C. § 2244(d)(1)(A).

From this point and importantly starting at this point of herein sub-judice-matters, albeit, Mr. Earl's conviction and sentence becomes final as determined by Section-2244(d)(1)(A), on July 21, 2016 he ultimately filed his-Pro Se Application for Post-Conviction Relief in a fashion post dated June 27, 2016, thus, twenty-five (25) day "PRIOR" to his finalized date required to trigger the initiative of equitable or statutory tollings for purposes of the "AEDPA", therefore, within itself evident as explicitly expresses due diligence filing and that Mr. Earl on same such date still possessed the fully one-year grace period (365-days) for to file his 28 U.S.C. 2254 Habeas Corpus Application.

In, Mr. Earl's June 27, 2016 initial pursued Application for Post Conviction Relief he asserted such constitutional violation claims as: (1) INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL by failing to: (a) Properly question potential jurors; (b) Investigate and prepare a defense; (c) Question the testimony of co-defendant

2.

about her past criminal convictions; (d) Investigate the validity of two prior convictions alleged for the enhancement of sentence; (e) Argue that the State failed to show the ten-years cleansing period had elapsed; and (f) Review the discovery submitted by the State; (2) Insufficient of the evidence; (3) The cumulative effect of errors denied him a constitutionally fair criminal trial; (4) Ineffective Assistance of Appellate Counsel for failing to raise insufficient of the evidence on direct appeal; (5) Trial Court erred in denying his request for continuance for to hire a new attorney; (6) Insufficient Evidence to support the multiple offender adjudication; and (7) State failed to prove that the ten-years cleansing period elapsed between the prior conviction and the offense. (St. Rec. Vol. 5 of 13). On April 6, 2017 the trial Court denied Mr. Earl's initial Post Conviction Relief Application. On May 10, 2017 Mr. Earl soughted Supervisory writ review in the La. First Circuit Court of Appeals, which on July 10, 2017 denied writ on shown made in part and writ denied in part because Relator failed to include the voir dire transcript to support his claim that his attorney was ineffective for failing to challenge baised jurors. The Court also, invited Mr. Earl that in event he elects to file a new application with the First Circuit Court of Appeal, the application shall be filed on or before September 8, 2017 and that any future filing peritenting to this issue should include the entire contends of that application, the missing item noted above, and a copy of said ruling; and with respect to the other claims, the writ application is denied. (2017-KW-0661) On or about July 26, 2017, Mr. Earl perinent to the First Circuit "judgment" and "claim" invited to resubmit if chose, and denied claims soughted review of denied claims, but a stay to allow fully exaustion of his ineffective assistance of counsel due to lack of questioning baised jurors, in that he if denied, may have all initial post-conviction relief claims viewed together upon collateral review, by collateral entry of La. Supreme Court for supervisory writ and motion to stay, docketed

3.

2017-KH-1311, filed within (17) days of First Circuit's judgment peritenting to issues of subjudice-matters, simultaneously collateral reviews soughted. While these collateral proceedings were pending in the Louisiana Supreme Court under docket No. 2017-KH-1311, Mr. Earl resubmitted the Ineffective Assistance of Counsel related to braised jurors to the First Circuit (State v. Earl, 2017-1025, 2017-WL-4883189) which on October 30, 2017 ordered writ granted inpart and denied inpart. The district court's ruling denying relator's application for post conviction relief is vacated in part and "this matter is remanded to the district court (for the sole purpose of holding an evidentiary hearing) on relator's claim that his attorney was ineffective for failing to properly question the potential jurors during voir dire. The remaining claims are denied.

Quite a bit of time passed between issuance of the order that an evidentiary hearing be held (October 30, 2017) and the holding of that hearing (July 1, 2019). Between those two dates, Mr. Earl sought a mandamus ordering direct the trial court to hold the evidentiary hearing, (St.Rec. Vol.9) The First Circuit denied mandamus as moot because by the time of its ruling the trial court had held the evidentiary hearing on July 1, 2019. And on August 7, 2019 the trial court denied post-conviction relief again on claim of ineffective assistance of counsel inregard the First Circuit's order explicitly expressed the matters was remanded "for the sole purpose to hold a evidentiary hearing, not for trial court to rule on merit which he possessed no jurisdiction. Due to the duration of inordinate time, Mr. Earl not aware of the points that things in these matters went awry, writes to the district court in a letter formed motion requesting a copy of the evidentiary hearing transcript peritenting to forward judgment by the First Circuit, so he could prepare argument in support of his defense, and

4.

After trial court granted evidentiary hearing transcript, the Clerk of Court forwarded same and the disposition of the trial court denial of post conviction July 1, 2019, but sent to Mr. Earl on February 22, 2021, by deputy Clerk of the 22nd Judicial District Court, Tara Cooper. Mr. Earl initially became in reception of said disposition following Clerk Cooper's forwarding at trial court's order January 21, 2020. Mr. Earl less then sixteen day of receipt of notice judgment peritent to claim denied of Clerk Cooper, he soughted supervisory writ March 14, 2021 (2021-KW-0312). The First Circuit denied writ on April 26, 2021. On May 5, 2021, Mr. Earl soughted Superviory Writ in the Louisiana Supreme Court (2021-KH-00735) dispite his original pending stay and on additional claims denied by First Circuit (2012-KH-0661) and stay pertinent to claim invited to resubmit (La. Sup. Court - 2017-KH-1311), that never been ruled upon those collateral proceedings. La. Supreme Court collateral proceedings challenges: The trial court error of jurisdiction, once Mr. Earl invoked supervisory jurisdiction of the Louisiana First Circuit Court of Appeal; and Mr. Earl's claim denial of effective assistance of counsel during vior dire, related baised jurors. (2021-KH-00735), but are still peritent of (La. Sup. Court's collateral proceedings (2017-KH-1311).

On November 10, 2021, the Supreme Court denied writ application (2021-KH-00735)

ERRONEOUS JUDGMENT:

Mr. Earl contend that Magistrate judge Karen Wellsroby erred in acquiessence to State's response that was designed to intentionally deceit the Court to advance a favorable Habeas' adversary proceedings, dismissing Mr. Earl's 28 U.S.C. Section 2254 Habeas Corpus Application. For instance, in Respondent's respose brief submitted varity of allegations involving a departure from the turth or the accuracy of this subjudice matter as follows:

5.

(a) Respondent's Response brief 12 of 20, the its alleged that the period of limitations was tolled in pertinent collateral proceedings from July 21, 2016 through September 6, 2019; and that although the judgment became final on July 21, 2016, the period of limitations did not commence to run on that date because the Petitioner filed an application for post-conviction relief some three weeks earlier, on June 29, 2016 (page 5, above), and that application remained pending until it was ultimately denied by the district court, after an evidentiary hearing, on August 7, 2019. (SCR. Vol.5 (Tab .6); Following the denial of post conviction relief, the petitioner had thirty days, that is, until September 6, 2019 to proceed to the next level of state consideration. (Brief pg. 13 of 20) Uniform Rules of the Courts of Appeal, Rule 4-3. He did not do so. At that time, the petitioner's application ceased to be pending and ceased to toll the statutory period limitations.

   Mr. Earl points out, that in between alleged dates by the State, he on 7/26/17 submitted collateral proceeding to the Louisiana Supreme Court seeking both motion to stay holding in Abeyance pending Supervisory Writ filed simultaneously, pertinent to judgment and claims (2017-KH-1311) that are within the means of the AEDPA which provides for statutory tolling throughout "the time during which a properly filed application or other collateral review with respect to the pertinent judgment or claims are pending." 28 U.S.C. § 2244(d)(1); Scott v. Vannoy, 2020-WL-1659911, CV-No. 19:2232 (E.D. La. March 30, 2020). Here the Mr. Earl shows that the State with evil intent secretly withheld the true identity of the applications collateral proceedings of his submitted motion to stay and the Supervisory Writ pending as of today, as is Mr. Earl belief because he has never receipted any disposition from case (2017-KH-1311), and in which the Louisiana Supreme Court Clerk has forwarded notification to the 22nd Judicial District Court Clerk and District Attorney's Office; thus these collateral proceedings

6.

do result in statutory tolling because they, themselves challenges Mr. Earl's unlawfull conviction and sentence. The legal question for the district judge, is how the lack of reciept of a disposition by Mr. Earl effects the merits of this subjudice-matter; and

(b) Respondent's response brief, (is of 20), seek deceitly to undermine the Court that, the Clerk of Court of the 22nd Judicial District had no acknowleqde of Mr. Earl location, because the "only" location at the time Clerk mailed trial court's judgment denying Mr. Earl's post conviction on record was the address Mr. Earl gave upon his original post conviction, at the Louisiana State Penitentiary. And that because Mr. Earl did not provide the criminal records with a change of address, his case doesn't warrant equitable tolling, resulting from external factors beyond Mr. Earl's control, indizating that the delay were of Mr. Earl's own making because he provided the (LSP) address causing him not to qualify equitable tolling. On the contrary Mr. Earl points out the State's deceition and merit more favorable to him. For instance, he has attached three legal documents that came from the 22nd Judicial District Court's Clerk of Court, and that those documents were forwarded the District Attorney's Office simultaneously as an custom practice of the Clerk's Office; those are Exhibits and dates: (1) Exhibit - "C," dated March 14, 2018; (2) Exhibit - "D," dated April 2, 2018; and (3) Exhibit - "E," dated April 10, 2018, in additional the district judge signed a order seeking Jerry Goodwin Warden of David Wade Correctional Center to produce the offender Burnell Earl in Court pertinent to evidentiary hearing on July 1, 2019; same court order were forwarded to the district attorney's office by the Clerk of Court. Therefore, it appears that all three State Officials entity knew of Mr. Earl's physical location way earlier than the initial date scheduled for evidentiary hearing, but most importantly contrary then what the Respondent suggests to be accurately. See, Holland v. Florida, supra.

Mr. Earl for the first time became receiption of the trial court denial of his post-conviction relief application after February 22, 2021, the date Clerk of Court Cooper forwarded same to him. See Ex-"F", cover letter indicating enclosed find a copy of the transcript from July 1, 2019, a certified copy of the Minutes from July 1, 2019 and a certified copy of the "Judgment of Post Conviction After Remand for Evidentiary Hearing" which was originally mailed to Mr. Earl on August 12, 2019. Mr. Earl submit based upon the misconduct of State's Attorney and the fact all state officials, district judge, Clerk of Court and district attorney's office actually knew of the fact Mr. Earl's location at "DWCC", rather then "LSP" their inactions not providing Mr. Earl with the July 1, 2019 Court's disposition prevented timely filing within the means of AEDPA and constitute results from external factors beyond Mr. Earl's control. The long delays shown here by Mr. Earl in receiving notice of Louisiana state court action warrants him equitable tolling because such constitued an extraordinary circumstance that stood in Mr. Earl's way and prevented timely filing by these state officials. Similarity, see, Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009), there the Court finding that equitable tolling was warranted where Petitioner, thus, alike Mr. Earl, suffer a significant "state created" delay when for nearly one year, the "State Appeal Court" failed in its duty under Texas law to inform him his state habeas petition had been denied, Petitioner diligently pursued federal habeas relief, alike Mr. Earl instant filing of collateral proceedings, at every stage in higher court earlier once in receipt of a Court's disposition as proof, record support same showing Respondent conceding to such fact, of due diligence of prompt filings. Alike Texas state law, Louisiana has enacted a similar law that mandate duty of the trial court to act within a reasonable time, under its Civil law it requires the trial judge to rule on a Petitioner or Movant's application within thirty days upon it receipt

of pleadings. In additional, alike Texas laws, Louisiana Code of Criminal Procedure Article 17, provides:

"A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. <u>It has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and (expeditious) mannder and so control the proceedings that (Justice is done.)</u>" A court has the power to punish for contempt."

Mr. Earl filed collateral proceedings in the Louisiana Supreme Court, initially when the First Circuit Court of Appeal denied all claims, but claim one, inviting him to re-submit same, this action of Mr. Earl constitutes suspension of tolling by means of AEDPA as long as no disposition has occurred by the Court. The Respondent nor the Magistrate had mentioned the pending collateral proceeding in La. Supreme Court (No. 2017-KH-1311) (Ex-"A-1, A-2, A-3; and B-1, B-2)

Mr. Earl submit that the precedent by the United States Court of Appeals Fifth Circuit may be applicable to these proceedings, found in, Grillette v. Warden, 372 F.3d 765 (5th Cir. 2004) Also Mr. Earl did file a timely stay motion and supervisory motion not like in Grillette, supra, but the rational, whether record document of Mr. Earl's location at DWCC may have been misplaced when the 22nd Judicial District Court Clerk decided to forward the Court disposition of post conviction to the Louisiana State Penitentiary, nevertheless, this was no inaction due to Mr. Earl's fault. The trial court has a duty to monitor its clerk of court in that justice is done, and proper criminal proceedings is so conducted with dignity and in an orderly and "expeditious manner." Mr. Earl under these asserted circumstances can not be held accountable for State Official's inactions.

9.

MR. EARL alike the State Officials inaction he should not be held accountable on the similar rational, Covid-19 shutdown of DWCC, and its social distance totally. The only think MR. EARL, was able to file, based on his criminal case was done through a offender housed in the dorm at the time of total shutdown at DWCC. MR. EARL is a layman and due to his transferring, has soughted other offender of limited legal experience to assist him with his criminal case, some more experience than the other. For example, the assistance of offender prepared original Habeas Corpus, different handwriting than that of the offender assisted filing supplemental memorandum, showing far more experience. MR. EARL ask the District Judge over these Habeas proceeding to combined the Reply Brief filed by him May 26, 2022 for an merged review and consideration on merits, including case law and constitutional law and statutory provisions alike.

Petitioner has demonstrated that under § 2244(d)(2), that his § 2254's constitutional claims are entitled to both equitable and statutory tolling based upon state created impediments from State Officials preventing and State of Louisiana Governor ordering totally shutdown of DWCC.

Done this 12th day of September, 2022, at Homer, La. 71040.

*Burnell Earl*
MR. Burnell Earl #154891
David Wade Correctional Center, H4A
670 Bell Hill Road
Homer, La. 71040



BURNELL, EARL, DOC #154891
DAVID WADE CORRECTIONAL CENTER
670 BELL HILL RD. H4A
HOMER, LOUISIANA 71040

CERTIFIED MAIL
7008 0150 0001 3721 3859

US POSTAGE $002.20
ZIP 71040
02 4W
0000176924 SEP 19 2022

OFFICE OF THE CLERK
U.S. DISTRICT COURT - EASTERN DISTRICT
500 POYDRAS STREET - ROOM C151
NEW ORLEANS, LOUISIANA 70130

LEGAL MAIL
Certified

