# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 20, 2023
Lyle W. Cayce
Clerk

_____

No. 22-30640
_____

Burnell Earl,

    *Petitioner—Appellant*,

*versus*

Jerry Goodwin, *Warden, David Wade Correctional Center*,

    *Respondent—Appellee.*

_____

Application for Certificate of Appealability
the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-962
_____

ORDER:

    Burnell Earl, Louisiana prisoner # 154891, seeks a certificate of appealability (COA) to challenge the dismissal of his 28 U.S.C. § 2254 application challenging his conviction of armed robbery with a firearm. The district court dismissed the application as untimely and found that Earl was not entitled to equitable tolling or relief under the actual innocence exception.

    Liberally construed, Earl's COA motion challenges the district court's timeliness determination by arguing that he was entitled to statutory or equitable tolling based on the timing of the filing of his state habeas

No. 22-30640

application and the timing of his request for state supervisory writs. Also, with the benefit of liberal construction, his COA motion challenges the district court's actual innocence determination by arguing that (1) the prosecution engaged in misconduct by presenting differing theories of guilt during his co-defendant's trial and his trial, and trial counsel was ineffective for failing to review his co-defendant's trial records before his trial; and (2) the weapons used in the offense should have been tested for DNA and fingerprints.

To obtain a COA, Earl must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court's denial of federal habeas relief is based on procedural grounds, this court will issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated by the district court, Earl has not met this standard.

Accordingly, Earl's motion for a COA is DENIED.

/s/ Dana M. Douglas
Dana M. Douglas
*United States Circuit Judge*