Case 2:22-cv-00962-EEF   Document 29   Filed 04/08/24   Page 1 of 7

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  Apr 8 2024

CAROL L. MICHEL
CLERK

SMS                Mail

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

Burnell Earl – pro se　　　　　　　　　　　　　　　　Civil Action

versus

Jerry Goodwin- Warden

David Wade Correctional Center　　　　　　　　　　22-962- l (4)

Date Filed:_____　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk

## MOTION TO VACATE AND SET ASIDE JUDGMENT

　　Now into Court comes petitioner Bernell Earl who moves this Court to vacate and set aside the dismissed of his 1st application for Writ of Habeas Corpus as untimely under 28 U.S.C. 2244 (d)(1)(A).

### CLAIM ONE

1. Petitioner Burnell Earl is entitled to have the period between Sept 7, 2019 and April 6, 2022 tolled due to impediment by the State of Louisiana through the clerk of court 22 nd Judicial District Court – Parish of St. Tammany and the Louisiana Department of Corrections Warden Office at L.S.P- Angola, La. In not mailing the 1st day of July 2019 Evidentiary hearing transcript to my known mailing address at:

   (A.) Burnell Earl #15491

   　　N3 D4

   　　DWCC 670 Bell Hill Road

   　　Homer, La.71040

In which petitioner Earl will be denied federal review of his 1st application for Writ of Habeas Corpus raising several constitutional claims which if established would entitled him to relief from his conviction and or sentence… in violation of my due process rights under Bounds v. Smith, 430 U.S 817[1977]. in light of the fact that I did not have competent assist once from persons trained in the law especially procedural rules of both the United States and the State of Louisiana Courts during the Covid Pandemic in light of lock down with no constitutional adequate alternative being provided by the State of Louisiana through the Louisiana Department of Corrections. See Kentucky Dept. of Corrections v Thompson, 490 US. 454,460 [1989]; Helms v Hewitt, 459 U.S. at 473..

　　Louisiana Administrative Code 22: Pt. 1, & 313 Inmates Correspondence:

C. Notice staff at each receptive and diagnostic center or unit handling initial reception and diagnostic functions shall inform each inmate in writing promptly after arrival of the department's rules for handling or inmate mail utilizing the notification of mail handling form. This form shall be filed in the inmate's master record.

F. (2) Timely handling. All mail, in coming and out going, shall be handled without unjustified delay. Letters should be generally not to be held more than 48hours and packages shall not be held more than 72hours. This timeline does not prohibit the holding of mail for inmates who are temporarily absent from the facility and does not include, weekends and holidays or emergency situations. When mail is

received for an inmate who has been transferred to another facility or released. The facility where the mail is received should attempt to forward the mail to him. The collection and distribution of mail is never to be delegated to an inmate. Mail shall be given directly to the receiving inmate by an employee.

## UNDISPUTED FACT

1. On the 28 day of Oct_____, 2017 was transferred from L.S.P. at Angola to D.W.C.C at Homer with approval by the office of Adult Service- La. Dept Corrections- PO. box 94304- Baton Rouge, La

2. In March 2018 I requested from the clerks office a copy of the following documents for Post Conviction/ Sentencing Purposes:

   (a) Transcripts of guilty plea colloquy

   (b) Copies of the Bill of Information/ Indictment

   (c) Copies of the district court minutes for various portions of my trial.

(d) Copies of the transcript of Evidentiary hearings held on application for Post Conviction relief and copies of court documents committing to custody with my return address as: Burnell Earl #154891- N3 D4- DWCC 670 Bell road Homer, La 71040.

   3. On April 2, 2018 deputy clerk Sherri L. Viviano informed me per Scott v Cain, 647 50. 2d 1094 I'm entitled to documents (a)- (e) only once free. Therefore, enclosed are copies of the Bill of Information and Court minute dated April 2, 2018. Additional information such as minutes and transcript will not be forward unless requested. See exhibit 1

   4. On April 10,2018 Deputy Clerk Sherri L. Viviano sent a certified copy of the Bill of Information, Extract of minutes and uniform commitment order along with copy of transcript. At my address at DWCC- Homer, La. See exhibit 2

   5. On March 14, 2018 deputy clerk Sherri L. Viviano sent a copy of affidavit for search warrant per my request at my DWCC- Homer, La. Address. See exhibit 3.

The State of Louisiana Through the Clerk of Court 22nd Judicial District Court Parish of St. Tammany, through various communication when I was housed at David Wade Correctional Center In Homer La, yet sent the Evidentiary hearing transcript to L.S.P at Angola, La. Who knew I was transferred to David Wade Correctional Center but made no attempt to forward the same.

## CLAIM TWO

The clerk of court failed to forward a copy of judgment denying "post conviction/sentencing relief" and the "Evidentiary hearing transcript" necessary to trigger the time delays to seek a supervisory writ to the court of appeal under article 930.6. A which has no set time limits to do so.

Art.930.6. Review of trial court judgments:

A. The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismissing the application or other wise denies relief on application for post conviction relief. No appeal lies from a judgment dismissing an application or otherwise denying relief.

Article 912.1. Right of appeal and application for review, defendant:

C. (1). In all other cases not otherwise provided by law, the defendant has the right of judicial review by application to the court of appeal for a writ of review. This application shall be accompanied by a complete record of all evidence upon which the judgment is based unless the defendant, intelligently waives the right to cause all or any portion of the record to accompany the application. Louisiana code of Civil procedure, Article 1913 states in relevant part:

<u>Art. 1913. notice of judgment</u>

A. Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under article 1915, is required in all contested cases, and shall be mailed by the <u>Clerk of Court</u> to the counsel of record for each party, and to each party not represented by counsel.

D. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.

In <u>Denalber v Blount,</u> 405 so.2d 1376 [La. App. 1 cir. 1981] held is the absence of a proper, dated notification to counsel of judgment having been signed, there was uncertainty as to date, and such doubt had to be resolved in favor of right to appeal, not with standing time lapse over ten moths between date of judgment and filing of petition for suspension appeal. Application to the court of appeal seeking review of a criminal judgment under article 1, section 19, or the La. Const. 1974 is equally applicable here. See also <u>Arqence L.L.C. and Box Opportunities, Inc.</u> 980 so.2d 760,789 [La. App. 4Cir. 2008]

**UNDISPUTED FACTS**

1. Petitioner <u>Earl</u> was represented by defense counsel <u>James Mecca</u> whose address appears in the court record yet he was not mailed copies or the <u>PCR</u> judgments including the "<u>Evidentiary Hearing Transcript</u>" me transcribed.

2. On the <u>15</u> day of April, 2019 I was brought from <u>David Wade Correctional Center – Homer, La.</u> Due to issuance of a '<u>Writ of Habeas Ad testification</u>' by the trial court. To hold the <u>Evidentiary Hearing</u> ordered by the <u>1st Circuit Court of Appeal</u> on October 30, 2017. Which is my last known address by the Court and not L.S.P- Angola, La. For mailing purposes to petitioner <u>Earl.</u>

3. On January 5,2020 petitioner Earl sent a letter to the clerk of court requesting a copy of the Evidentiary hearing transcript. With the return address of David Wade Correctional Center to which the trial court granted.

4. By letter dated January 1, 2020 notified me at David Wade Correctional Center the State District court, clerk of court advised that the transcript was not in the record and would be provided upon receipt from the court reporter. What happened to the transcript and other pleadings mailed to L.S.P on August 12,2019 and return on August 17,2019, marked not at L.S.P and return to sender refused unable to forward.

5. Petitioner Burnell Earl timely filed a supervisory Writ to the 1st Circuit Court of Appeal within 30days of receiving the same in accordance to state procedural rules. To which no 'objections by the state through the District Attorney Office Parish of St. Tammany and did not waive his constitutional right to seek Judicial Review from the trial court judgments on remand.

Section 2244(d)(2) provides that the time during which a properly filed application for state post conviction or other collateral review with respect to the pertinent judgment or claim is pending. Shall not be counted forward any period of limitations. See 28 U.S.C 2244(d)(2). In order for a state post conviction application to be considered properly filed. Within the meaning of 2244(d)(2), the applicant must have complied with all of the state's procedural requirement. Such as timelines and place of filing, Pace v. Diguqlielmo, 554 U.S. 408,413-14 [2006]. See also Holland v Florida ,560 U.S. 631,130 5. Ct.2549[2010]; Maple v. Thomas,565 U.S 266,132 5.Ct. 912,181 L. Ed. 2D 807 [2012]; and Vasquez v. Greiner, 68 F. supp.2d 307,1999 U.S. Dist. Lexis 15263 [Sept.30,1999]

Article 1, section 19, of the Louisiana Constitution provides, for the right to judicial review:
"No person shall be subjected to imprisonment or forfeiture of his rights or properly without the right of judicial review based upon a complete record of all evidence upon which judgment is based. This right may be intelligently waived, the cost of transcribing the record shall be paid as provided by law.

There is a constitutional right to an appeal. This right can only be waived by the defendant himself. State v Marcel, 320 So. 2d 195 [1975]  see Also State v Simmons, 390 So.2d 504 [La. 1985]; State v Counterman, 475 So.2d 336 [1985]; and Evitts v Lucy, 469 U.S. 387, 83 L. Ed.2d 821 [1985].

Petitioner Earl did not waive his Constitutional rights of Judicial Review in the State or Federal Courts upon Actual Notice. Appearing in the record but needed the "Evidentiary Hearing Transcript" and other related pleadings in which the P.C.R denials was based upon in order to seek such review in the court of appeals. As mandated by Article 1, section 19, of LA. Const. 1974; and Art. 912.1.c(1) of the La. C.Cr.P., and did not received these documents until the 22 day of February,2021. Since further state appellate review of the state court judgments was available. Carey v Safford, 536 U.S. 214,219-20 [2002]; Williams v Cain, 217 F.3d 303,310 [5th Cir.2000] Bennet v Artuz, 199 F3d 116, 120 [2d cir. 1999] finding that matter is pending for section 2244(d)(2) purposes until further appellate reiew is unavailable under Louisiana's Procedures. Petitioner Earl constitution right to seek judicial review of the 1st day of August, 2019 judgments denying P.C.R. was still available under Louisiana procedural on September 7,2020. When the AEDPA filing period expired and until I filed the petition in the court of appeal. After receiving the 'Evidentiary Hearing Transcript' and other related documents from the Clerk Office on the 22nd day of February, 2021. Alternatively equitable tolling is warranted due to violations of my substantive and procedural due process rights by the clerk of court and L.S.P. on behalf of the State of Louisiana as stated herein.

Wherefore petitioner Earl prays this court appoint counsel as indigent to protect this Motion To Vacate Judgments of this court prepared on my behalf by another inmate. Under Johnson v Avery, 393 U.S. 483,485

Respectfully submitted this __2__ day of April,2024 under the penalty of perjury and good faith.

Sincerely:

*Burnell Earl*

Burnell Earl #154891

E.H.C.C Golf 1

P.O. Box 174

St. Gabriel, La. 70776

CERTIFICATE OF SERVICE

I state a copy of this 'Motion To Vacate Judgment' was mailed to counsel of records properly addressed with postage affixed. This _____ day of April, 2024.

_____

Burnell Earl #154891

Burnell Earl #154891
E.H.C.C. Golf-1
P.O. Box 174
St. Gabriel, LA. 70776

500 Poypras Street Rm. C 151

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
New Orleans, LA. 70130



US POSTAGE $001.87



PRISON MAIL. NOT RESPONSIBLE
NOT CENSORED.
FOR CONTENTS.
ELAYN HUNT CORRECTIONAL CENTER