Case 2:22-cv-00962-EEF   Document 32   Filed 08/11/25   Page 1 of 15

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  Aug 11 2025
CAROL L. MICHEL
CLERK
cf                    Mail

United States District Court
Eastern District of Louisiana

Burnell Earl – pro se           Civil Action
Versus
Warden Turner
Elayn Hunts Correct-    22-CV-0962
ional Center

Date filed: _____

                    Deputy Clerk

Motion and set aside all Judgments seeking relief from the Dismissal of The Dismissal with Prejudice Petitioner Earl's First Petition For A Federal Habeas Corpus [28 U.S.C. § 2254] Based Upon "Fraudulent miscalculation" of material Facts by The State of Louisiana and United States Magistrate Judge Karen Wells Roby. I state to wit;

28 U.S.C. § 2244(d)(1),(B),(C),(D) like Rule 9(a) of the Section 2254 Rules allows for the dismissal of habeas petitions that are filed in a delayed manner under limited circumstances:

Footnote(s)
1. Petitioner Earl is in custody of the Department of Corrections at Hunts

1.

First, this Court must determine if the judgment correctly dismissed Earl's <u>1st Petition For Habeas Corpus</u> alleged to be 19-days pass the one-year statute of limitations to which no grounds for equitable tolling.

... Rule 9(a) of Section 2254 Rules allows the dismissal of Habeas Petitions that are filed in a delayed manner under the circumstances.

A petition may be dismissed if it appears that the State of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the State occurred. 28 U.S.C. § 2254 [2000]; Strahan v. Blackburn, 750 F.2d 438, 441 [5th Cir. 1985][observing that the effect of such a provision in creating a statute of limitations for habeas petitions is arguably prohibited by the Constitution's mandate against suspension of the habeas writ][cit-

= 2.

ing U.S. Const. art. 1 § 9, cl. 2]; Marks v Estelle, 691 F.2d 730, 732 n.3 [5th Cir. 1982]; McDonnell, 666 F.2d at 251.

... The State bears a heavy burden under Rule 9(a) to "(1). make a particularized showing of prejudice; (2). show that the prejudice was caused by the Petitioner having filed a late petition and (3). show that the ▉▉▉▉▉▉ petitioner Earl has not acted with reasonable diligence as a matter of law." Walters v Scott, 21 F.3d 683, 686-87 [5th Cir. 1994]; see also Strahan, 750 F.2d at 441. The State must make a particularized showing of prejudice to its ability to respond to the habeas petition, Walters, 21 F.3d at 687; see also Strahan, 750 F.2d at 441. Mere passage of time alone is never sufficient to constitute prejudice. Walters, 21 F.3d at 687; see also Strahan, 750 F.2d at 441; McDonnell, 666 F.2d at 251; Bedford v Attorney General of Alabama, 934 F.2d 296, 299-300 [11th Cir. 1991] refusing to grant Rule 9(a) dismissal where the State did show particularized prejudice from a 19-year delay▉▉▉

3.

between finality of conviction and commencement of any post conviction relief efforts]. Campas v Zimmerman, 876 F.2d 318, 324 [3d Cir. 1989] [same, regarding a 17-year delay between finality of conviction and commencement of federal habeas corpus]. Hannon v Mascher, 845 F.2d 1553, 1557 [10th Cir. 1988] [same, regarding a 25-year delay between finality of conviction and filing for federal habeas relief]; Buchanon v Mintzes, 734 F.2d 274, 281-82 [6th Cir. 1984] [same regarding a 23-year delay between conviction and filing for federal habeas corpus]; Sutton v Lash, 576 F.2d 738, 744 [7th Cir. 1978] [same regarding 21-year delay between finality of conviction and filing for federal habeas corpus]; Haieston v Cox, 459 F.2d 1382, 1386 [4th Cir. 1972] [refusing to grant dismissal on theory of laches, which filing for federal habeas corpus]; Hamilton v _____, 436 F.2d 1323, 1326 [5th Cir. 1970] [same regarding a 38-year delay between conviction and filing for federal habeas corpus]; Hawkins v Bennett, 423 F.2d 948, 951 [8th Cir. 1970]

4.

same; regarding 42-year delay between finality of conviction and filing for habeas relief]; Prejudices to the State's ability to retry or reconvict the petitioner is irrelevant. Walters, 21 F.3d at 687 [citing Vasquez v. Hillery, 474 254, 264-65, 106 S.Ct. 617, 88 L. Ed. 2d 598 (1986); 17A Wright, miller, and Cooper Federal Practice and Procedure § 4218.2 [2d ed. 1988] [first edition to same effect quoted with approval in Strahan, 750 F.3d at 44.

...... Lapses of time that affects the State's ability, but that do not make it virtually impossible for the State to respond [do not] require dismissal. 2 James S. Liebman, and Randy Hertz, Federal Habeas Corpus Practice and Procedure § 24.3 at 928-29 [3d ed 1998] [citing, inter alia Baxter v. Estelle, 619 F.2d 1030, 1035 [5th Cir. 1980]; Strahan, 750 F.2d at 443-44; Galtieri v. Wainwright, 582 F.2d 348, 357 F.2d 358 [5th Cir. 1976] [en banc] [dicta].

...... Rule 9(a) like 28 USCS 2244(d)(1)(B)(C)(D) codifies the application of equitable doctrine of laches to habeas

5.

Corpus Petition. Wolters, 21 F.3d at 686 [citing Strahan 750 F.2d. at 440]. The application of Rule 9(a) must be carefully limited to avoid abrogating the purpose of the "Writ of Habeas Corpus". Id. [citing McDonnell, 666 F.2d at 251; Hannon, 845 F.2d at 1551].

Facts
1. Upon entering the Department of Corrections, all Offender are required to sign a document allowing DOC employees to recieve mail on our behalf and if we do not all mail ▅ will be return to the sender. Petitioner Earl signed this document.[2]

2. ▅ Louisiana Administrative Code Title 22:I.§313.F(2) and Department Regulation No. C-02-009.B both mail is recieved for an inmate who has been transferred

Footnote(s)
2. Notice staff at each reception and diag-nostic center or until initial reception and diagnois functions shall inform each inmates in writing promptly after arrival of the Department's rules for

6.

to another ▓▓▓ institution or released, the institution where the mail is recieved should attempt to forward the mail to him. The <u>State of Louisiana</u> thru the <u>Department of Corrections</u> knew that I was transferred to <u>David Wade Correctional Center</u> on the ___ day of _____ 20___ Yet They [LSP] return the mail from <u>Clerk of Court - 22nd Judicial District Court - Parish of St. Tammany</u> without any attempt to forward despite knowledge of prison that I was transferred to.

3. <u>Due to difficulties in securing Petitioner Earl's presence for the "Evidentiary Hearing" at</u> ▓▓▓ <u>Louisiana State Peniteniary</u> where the <u>State of Louisiana at LSP</u> knew my whereabout by having transferred Earl to <u>David Wade Corr</u>

handling of inmate mail utilizing the "<u>Notification of mail Handling form</u>" [Attachment A]. This form will be filed in the inmate's ▓▓▓ record. See <u>Department Regulation No. C-02-009 [Jan. 5, 2001]</u> and <u>Louisiana Administrate Code 22:I § 313(C) Inmate Mail And Publication [Effective Oct. 23, 2023]</u>

7.

ectional Center with Approval by the Secretary of the Louisiana Department of Corrections or his designee on the ___ day of _____, 20___.

4. After the Court recieved notice that I was transferred from LSP to DWCC at Homer, La. which became notified as to my correct location and a Writ of Habeas Corpus Ad Testificandum to Jerry Goodwin - Warden - David Wade Correctional Center to produce Burnell Earl Doc. No. 154891 before the 22nd Judicial District Court Parish of St. Tammany on July 19, 2019 for on "Evidentiary Hearing" on trial and appellate counsel being ineffective under Strickland v Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 [1984]; and Cronic v United States, 466 U.S. 648, 104 S.Ct. 2039 [1984].

5. Trevino v Thaler, ___ U.S. ___, 113 S.Ct. 1911 [2013]; and Martinez v Ryan, 566 U.S. ___, 132 S.Ct. 1309, 182 L.Ed. 2d 272 [2012] which set forth the following requirements for finding an exception to excuse a procedural: (1) the claim of "ineffective assistance

8.

of trial Counsel" was a "substantial" claim (2) the "cause" consisted of there being "No Counsel" or only "ineffective Counsel" during the State Collateral review proceedings (3) the State Collateral review proceeding was the "initial" review proceeding in respect to the ineffective assistance of trial/Appellate Counsel claim; and (4) State law requires that an ineffective assistance of trial Counsel claim — by raised in an initial-review Collateral Proceeding for a Prisoner to a claim of ineffective Assistance at trial/Appeal. Id at 1325-1327

Similarly Louisiana law generally encourages defendants to bring issues of ineffective assistance of Counsel in a post-Conviction proceeding in the district Court where a full evidentiary hearing may be Conducted. State v Clark, 107 So. 2d 646 [La. App 2nd Cir. 2012] State v Prudholm, 446 So. 2d 729, 747 [La. 1984]; State v Clark, 684 So. 2d 432, 438 [La. App. 1 Cir. 1996]. State v Albert, 697 So. 2d 1355, 1363-64 [La App. 1 Cir. 1997]

6. Petitioner EQd wrote three (3) separate letters of inquiry to the Clerk Of Court - 22nd Judicial District - Parish Of St. Tammany that's attached to the back of my "Notice of objections To The Magistrate Judge's Report And Recommendation to Dismiss with prejudice as the federal Habeas Corpus is alleged by the State Of Louisiana thru Matthew Caplan-Asst. District Attorney to be 19-days over the one year filing from State Courts to the federal Court seeking A writ of Habeas Corpus:

(a). Exhibit-C-Dated March 14, 2018
(b). Exhibit-D-Dated April 2, 2018
(c). Exhibit-E-Dated April 10, 2018
    Additionally the writ of Habeas Corpus Ad Testificandum issue to have LSP Warden produce my body, but I had been transferred to DWCC at Homer, La. To which the State of Louisiana was aware of in light of the Court. The Clerk served the District Attorney Office a copy of my letter and the Clerk's responses.

10.

7. The State of Louisiana thru the Clerk's Office - 22nd Judicial breached their duties to serve Counsel of record James Mecca a Copy of the Judgments denying PCR and the July 19, 2019 "Evidentiary" who would then have the responsibility to forward the same to me here at DWCC - Homer, La.

8. Court Appointed Counsel James Mecca breached his ethical duties to Notify Petitioner Each of the Judgments and the time limits involve, see Florida v. Nixon, 543 U.S. 175, [87 (2004)]; and State v. Cambre, 939 So.2d at 466 and to file a denial of a full Evidentiary in which all video Audio tapes of All officers present at the stop, Arrest, handcuffed, Searching of my vehicle without my Consent or a Search warrant thru Prejurious testimony to support the denial to "Suppress all Statements And Evidence Seized" in violation of the 4th Amendment in light of Counsel Barrow's [trial]; And Jim Mecca [PCR Counsel]

9. In Lay v. Warden Hooper, 19-9803-R (2) on page 9 this Court Stated

11.

"The U.S. Supreme Court has approved a thirty-day scheme - thirty days for a petitioner to file the unexhausted claims in State Court and thirty days to return to federal Court after exhaustion. Id. [citing with approval Zarvela v. Artuz, 254 F.3d 374, 381 [2nd Cir. 2001]. Given the ongoing COVID-19 pandemic, the Court extends the usual thirty-day deadline to sixty days. See also United States v. Elam, 930 F.3d 406, 409 [5th Cir. 2019][The decision to recharacterize a motion is discretionary.]; Hernandez v. Thaler, 630 F.3d 420, 427 [5th Cir. 2011]. Claims are different from objections in that claims add grounds for relief. See, e.g., United States v. Riascos, 76 F.3d 93, 94 [5th Cir. 1996][The District Court may construe an issue raised for the first time in an objection to a magistrate's Report and Recommendation as a motion to Amend the Complaint]; Hines v. Ontiveros, No. CV-07-255-PhX-JAT, 2008 WL 2559401, at *2 [D. Ariz. June 23, 2008]; And Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 [5th Cir. 1981][The policy of federal rules is to permit liberal Amendment]

12.

10. The Louisiana Supreme Court shut down many Courts in the State of Louisiana behind COVID-19 and extended many filing deadlines which has not been use in calculation of the one-year filing deadline, since:

(a). Post-Conviction was filed while still on Direct Appeal

(b). The prison employees was not timely picking up outgoing mail and mailing it daily.

(c). The prison employees shut down all access to the law library with no alternative in direct violation of Bounds + Smith, 430 U.S. 817 [1977] in which I will be prejudice in the meaning of Casey + Lewis, ___ U.S. ___ [1986] if no relief from this judgment issue whereas I had no control of the mailing system in place for COVID-19 only and the access to law library with no alternative

11(a). It should be noted that the State of Louisiana thru the District Attorney, Court-Appointed Counsel Mecca [PCR] and Trial Judge did not raise any claim of untimely in the State Court Proceeding which was available

13.

Additionally the Writ Application from Denial of PCR via evidentiary Hearing was timely filed to both the 1st Circuit Court of Appeal And the Louisiana Supreme Court who has the discretion to extend And or hear writ Application deemed untimely by them to which they hear my Writ Application on the merits and 1st Application For Federal Habeas Corpus was filed within one-year of the Louisiana Supreme Court decision on the Writ Application concerning the "PCR" via "Evidentiary Hearing" on July 19, 2019

The fault of untimeliness lies with the State of Louisiana thru its Clerk of Court, District Attorney And Court-Appointed Counsel who all knew that I was in DWCC-Homer, LA and not LSP yet did not send Judgment, and Transcript to Counsel of Records or At DWCC in which they had my address At DWCC prior to July 19, 2019 thus fault does Not rely on Petitioner EAD but the State of LA.

14.

Wherefore I Pray Judgement of untimeliness with Prejudice be vacated and this Writ Application proceed on the merits.

Respectfully Submitted this ___ day of August, 2025 under the penalty of perjury and good faith.

Burnell Earl
Burnell Earl
Doc # 154891
EHCC - Fox 4-D
P.O. Box 174
St. Gabriel, LA. 70776

Please Serve

1. Matthew Caplan
   Asst. District Attorney
   701 N. Columbia St.
   Covington, LA. 70433

2. Burnell Earl
   Doc # 154891
   EHCC - Fox 4-D
   P.O. Box 174
   St. Gabriel, LA. 70776

15.