UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BURNELL EARL** | * | **CIVIL ACTION NO. 22-962** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **JERRY GOODWIN, WARDEN** | * | **MAGISTRATE JUDGE KAREN WELLS ROBY** |
| *    *    *    *    *    *    *    *    * | | |

**ORDER & REASONS**

Before the Court are two motions filed by *pro se* Plaintiff Burnell Earl. The first is styled as a Motion to Set Aside All Judgments Seeking Relief from the Dismissal of the Dismissal with Prejudice of Petitioner's First Petition for Federal Habeas Corpus pursuant to 28 U.S.C. § 2254. R. Doc. 32. The second is a Motion for Leave to Amend and/or Supplement the First Federal Habeas Corpus Petition. R. Doc. 33. Considering the record and the applicable law, the Court now rules as follows.

In Janaury 2014, a jury found Mr. Earl guilty of armed robbery with a firearm in violation of La. R.S. § 14:64.3. R. Doc. 3 at 1; R. Doc. 12 at 1, 3. Mr. Earl thereafter took a direct appeal and sought state court post-conviction relief before filing his federal habeas petition on April 6, 2022. *See* R. Doc. 12 at 4–9. Magistrate Judge Roby issued a thorough report and recommendation that explained why Mr. Earl's federal habeas petition was time-barred. *Id.* at 11–29. This Court adopted the report and recommendation without change, with the knowledge that Mr. Earl's application was filed nineteen months after the tolling period lapsed. *Id.* at 13–14. The Court further agreed with Judge Roby that equitable tolling was not applicable in this case. *Id.* at 14–23. Finally, Judge Roby and this Court determined that Mr. Earl failed to demonstrate actual innocence. *Id.* at 23–29.

1

After the Court issued its order adopting the Magistrate Judge's Report and Recommendations in this case, Mr. Earl appealed the order, as well as the denial of reconsideration on this order, to the Fifth Circuit. R. Docs 17, 19. He also filed a motion for certificate of appealability on December 28, 2022, which this Court denied on the grounds that he failed to meet the standard for issuance, specifically by failing to make a substantial showing of the denial of a constitutional right. R. Docs. 25, 26. On March 20, 2023, the Fifth Circuit denied Mr. Earl's motion for a certficate of appealability on the grounds that the district court correctly found he failed to meet the standard for issuance. R. Doc. 28.

Over a year later, on April 8, 2024, Mr. Earl filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). R. Doc. 29. The Court denied the motion, finding that Mr. Earl failed to file the motion within one year of the October 11, 2022 judgment that found his habeas petition to be untimely. R. Doc. 30.

Mr. Earl now submits two motions for consideration. First, he asks that this Court set aside the October 11, 2022 judgment that held his § 2254 petition to be untimely. R. Doc. 32. The Court construes this as a Rule 60(b) motion. In it, he advances substantially similar arguments to those advanved in his April 8, 2024 Rule 60(b) motion. *Id.* Like this Court found when it ruled on the first Rule 60(b) motion, it cannot provide him with the requested relief because the judgment was issued on October 11, 2022 (*see* R. Doc. 20) and a motion pursuant to Rule 60(b) must be made within a year of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). To the extent that he requests this Court set aside "all judgments" as referenced in the title of his motion, not only is this Court prevented from disturbing, reviewing, or setting aside the October 11, 2022 judgment for any of the reasons advanced by Mr. Earl, but this Court cannot disturb, review, or set aside any orders issued by the Fifth Circuit.

Generally, "[t]o prevail on a Rule 60(b)(6) motion in a federal habeas proceeding, a movant must establish that (1) the motion was made within a reasonable time and (2) extraordinary circumstances [exist to] justify[ ] the reopening of a final judgment." *In re Robinson*, 917 F.3d 856, 862 (5th Cir. 2019) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)) (internal quotations and citations omitted). Extraordinary circumstances rarely occur in the habeas context; instead, because of the comparative leniency of Rule 60(b)—as opposed to the rules governing filing successive habeas petitions (i.e., the Antiterrorism and Effective Death Penalty Act of 1996)—many petitioners will file Rule 60(b) motions that are second-or-successive habeas petitions at their core. *Id.* at 861–63. Thus, a proper Rule 60(b) motion relies on a "non-merits-based defect in the district court's earlier decision on the federal habeas petition." *Id.* at 862 (internal quotations omitted).

Here, Mr. Earl attacks the October 11, 2022 judgment rendering his claim as time-barred. Rule 60(b) empowers a federal court to hear a petitioner's challenge to a previous ruling which precluded a merits determination—such as the misapplication of the statute of limitations bar. *Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011). However, here, Mr. Earl advances the same arguments in this second Rule 60(b) motion related to equitable tolling that Judge Roby thoroughly addressed in her August 31, 2022 report and recommendation. *Compare* R. Doc. 32 at 14 (Petitioner explaining that the "fault of untimeliness lies with the State of Louisiana thru its Clerk of Court") and *id.* at 13 (explaining that the prison library was shut down), *with* R. Doc. 12 at 16 ("Earl claims that he is entitled to equitable tolling . . . due to an error by the state district court's Clerk's Office . . . [and] due to COVID-19 lockdown [providing him] with no access to the law library or inmate counsel for assistance"). Mr. Earl, therefore, has failed to identify a non-merits based defect that could warrant the reopening of the October 11, 2022 judgment.

Mr. Earl separately moves for this Court to afford him leave to amend his first habeas petition. R. Doc. 33. In this motion, Mr. Earl explained that he submitted motions to the state trial court to vacate and set aside various judgments in July 2024, a year and a half after this Court entered its October 11, 2022 judgment finding his habeas petition untimely. *Id.* at 9. The state trial judge denied this new request. *Id.* Mr. Earl received the order denying his writ application from the Louisiana First Circuit in December 2024. *Id.*; *see also State v. Earl*, No. 2024-KW-1041 (La. 1 Cir. Dec. 4, 2024) (providing no written reasons). Thereafter, the Louisiana Supreme Court denied his writ application, stating that the "[a]pplicant has previously exhausted his right to state collateral review." R. Doc. 33 at 27; *see also State v. Earl*, No. 2025-KH-00194 (La. May 20, 2025) (citing his 2021 writ denial).

A habeas petition is successive when it raise a claim that challenges the petitioner's conviction or sentence that was or could have been raised in his first habeas petition, or when it otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998)). The phrase "second or succcessive" is a term of art under the AEDPA. *In re Lampton*, 667 F.3d 585, 587–88 (5th Cir. 2012). It looks to whether the second or successive habeas petition challenges the same judgment that was challenged in the first habeas petition. *Id.* at 588. Said differently, "AEDPA's bar on second or successive petitions only applies to a later-in-time petition that challenges the same state-court judgment as an earlier-in-time petition." *Id.*

Considering the record presently before the Court, it appears that Mr. Earl is attacking the same state-court judgment that he challenged in his original habeas petition. Moreover, it appears that Mr. Earl is advancing arguments that (1) were already brought in his first habeas petition, (2) were procedurally barred from being brought in state court in the first place, or (3) otherwise

4

constitutes an abuse of the writ. Considering all of this, it appears that Mr. Earl presents "[a] claim . . . in a second or successive habeas corpus application under section 2254 that was presented in a prior application." 28 U.S.C. § 2244(b)(1).

If Mr. Earl is truly presenting "[a] claim . . . in a second or successive habeas corpus application under section 2254 that *was not* presented in a prior application," his claims may be able to survive if he can make a prima facie showing that one of the following exceptions apply:

> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
>
> (B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidencec as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* at § 2244(b)(2). Mr. Earl must make this prima facie showing by "mov[ing] in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* at § 2244(b)(3)(A). Said differently, this Court has no jurisdiction to address any of the potential "new" claims that Mr. Earl may be bringing without authorization to do so from the Fifth Circuit.

A search of the docket records of the United States Fifth Circuit does not reflect that petitioner has sought or obtained the required authorization. Until such time as petitioner has done so, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that Petitioner Earl's Motion to Set Aside All Judgments Seeking Relief from the Dismissal of the Dismissal with Prejudice of Petitioner's First Petition for Federal Habeas Corpus pursuant to 28 U.S.C. § 2254, R. Doc. 32, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Earl's Motion for Leave to Amend and/or Supplement the First Federal Habeas Corpus Petition, R. Doc. 33, is hereby **DENIED.**

New Orleans, Louisiana, this 25th day of September, 2025.

_____
THE HONORABLE ELDON E. FALLON